# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>[18] ANDRES GARCIA TORRES,<br>    Defendant. | CRIM. NO.: 97-0082-18 (RAM) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### RE: Amendment 821

The below report and recommendation relates to an initial determination as to the defendant's eligibility for a sentencing reduction promulgated by the United States Sentencing Commission under Part A and Part B, Subpart 1 of Amendment 821 to Policy Statement §1B1.10(d).

After careful review of the defendant's presentence report, charging document (s), plea agreement, plea supplement, judgment, and statement of reasons, I recommend that:

☒ **The defendant is <u>not</u> eligible for a sentence reduction based on the following factor** (s):

    ☒ A. The guidelines range that applied in the defendant's case was not determined by U.S.S.G. § 4A1.1(d) or defendant's status as a zero-point offender under Chapter 4, Part A.

    ☒ B. The defendant does not meet <u>all</u> of conditions specified by § 4C1.1. Specifically, one or more of the following criteria applies:

        ☐   1) the defendant has criminal history points from Chapter Four, Part A;

        ☐   2) the defendant received an adjustment under U.S.S.G. § 3A1.4 (Terrorism);

        ☒   3) the defendant used violence or credible threats of violence in connection with the offense;

        ☒   4) the offense resulted in death or serious bodily injury;

        ☐   5) the offense of conviction was a sex offense;

        ☐   6) the defendant personally caused substantial financial hardship;

        ☒   7) the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or otherwise dangerous weapon (or induced another participant to do so) in connection with the offense;

  ☐ 8) the offense of conviction was covered by U.S.S.G. § 2H1.1 (Offenses Involving Individual Rights; or

  ☐ 9) the defendant received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense).

  ☐ 10) the defendant received an adjustment under §3B1.1 (Aggravating Role) and/or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

☐ C. The application of Amendment 821 Part A and Part B, subpart 1 does not have the effect of lowering the defendant's applicable guideline range. *See* § 1B1.10 (a) (2) (B).

☐ D. The defendant was originally sentenced to a term of imprisonment that is less than or equal to the minimum of the guideline range as amended by Amendment 821 Part A and Part B, subpart 1, and no exception for substantial assistance applies. *See* § 1B1.10 (b) (2) (A).

☐ E. The defendant was sentenced to a statutorily mandated minimum imprisonment term. The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a departure for substantial assistance or a Rule 35 motion subsequent to the original sentence. *See* § 1B1.10 (c).

Since a determination of ineligibility has been made, the matter is formally submitted to the presiding District Court Judge. Defense counsel, whether retained, appointed, or *pro bono*, has fourteen days to object to the initial assessment of ineligibility. After the fourteen-day period, and in the absence of an objection by defense counsel, the presiding District Court Judge may adopt the recommendation of the Magistrate Judge and may rule on the motion for reduction of sentence.

☐ **The defendant <u>may be</u> eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.**

The presiding judicial officer shall wait for the parties' stipulation of a sentence reduction within fourteen days. If no stipulation is reached within this period, the presiding judicial officer shall wait for the United States Probation Office, defense counsel, and the Government's memoranda, which shall be filed within another fourteen days.

**Reasons**:

  <u>The defendant was convicted after a jury trial of violating Title 21, *United States Code*, Section 846 (conspiracy to possess with intent to distribute multiple kilograms of cocaine, heroin and marijuana) (Count One), and Title 18, *United States Code*, Section 1956(h) (conspiracy to launder money instruments)</u>

(Count Two). *See* Judgment at Docket No. 3009. He was sentenced to serve 240 months of incarceration as to each count of conviction, with each sentence to be served consecutively to one another. *Id.* at 2. The guideline range that applied in the defendant's case was not determined by U.S.S.G. §4A1.1(d) as he was not serving a criminal justice sentence at the time he committed the instant offense. In addition, at the time of his original sentencing in this case, the defendant fell within Criminal History Category III with a total criminal history score of 4 points. Therefore, he does not qualify as a zero-point offender. *See* Presentence Report ("PSR"), Docket No. 2273 at ¶¶ 76 & 77. For these reasons alone, the Court concludes that the defendant is not eligible for a sentence reduction under Amendment 821.

   Nevertheless, even if the defendant had been a zero point offender, he would also be ineligible for a reduction under Amendment 821 due to his failure to meet all of the conditions specified in Guideline § 4C1.1. *See* Paragraph B above. For example, the record reflects that the defendant (1) used violence in connection with the offense; (2) the offense resulted in death or serious bodily harm*;* and (3) the defendant possessed a firearm in connection with the offense. S*ee* PSR, Docket No. 2273 at ¶¶ 40, 42, 53 and 76. In support of each of these disqualifying conditions, the record provides the following:

  Paragraph 53 of the PSR reads as follows:

> the "[o]ffense conduct comprising drug trafficking and money laundering are normally grouped together into a combined group as the offense conduct involves substantially the same harm within the meaning of Guideline § 3D1.2(b); to wit: the counts involve the same victim (society) and two or more other acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. However, the offense comprising count one not only involved generalized drug trafficking activities, but also involved murder. As such the two counts are not groupable under the provisions of Guideline § 3D1.2 and are treated as two distinct groups of counts to be grouped under the

provisions of Guideline § 3D1.4, Determining the Combined Offense Level."

See PSR at 19-20, Docket No. 2273 at ¶ 53.

Furthermore, Paragraph 40 of the PSR notes that Messrs. Andrés García Torres and Marcos Martínez Medina were involved in the murder of Mr. José A. Negrón-Santiago and his wife "Romane [sic] (it should read "Rosemarie") Santiago-Rodríguez."

Paragraph 42 of the PSR states that "Mr. Eddie Vázquez was shot and murdered by Messrs. Andy García-Torres and Jaime García-Torres." Id. at 42. And finally, in Paragraph 76 of the PSR, the U.S. Probation Officer described the defendant's prior criminal history stating that "[o]n or about February 14, 1997, at approximately 8:30 a.m., the defendant, in concert with . . . Marcos Martínez-Medina (co-defendants in the instant case), possessed and transported a loaded 9mm pistol that was used in [the] shooting death of José A. Negrón-Santiago." Docket No. 2273 at 22.

In the end, the Court adopted the factual findings and guideline application in the presentence report. See Statement of Reasons at 1, Docket No. 3009-1 (Ex Parte). So, for all of the above reasons, the Court determines that the defendant is **not** eligible for a sentence reduction under Amendment 821.

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 31st day of July 2025.

                                                  s/Marshal D. Morgan
                                                  U.S. Magistrate Judge
                                                  District of Puerto Rico